NATHAN P. MATTIX ET AL. ADS. MARY S. STEELMAN.

In actions upon contracts, if the affidavit to a joint plea or demurrer is made by one or more of several defendants, it is a substantial compliance with the statute, and it cannot be treated as a nullity.

Motion to set aside judgment by default.

Argued before Justices DALRIMPLE, DEPUE, and VAN SYCKEL.

For motion, *P. L. Voorhees* and *A. Browning.*

Contra, *F. F. Westcott.*

DALRIMPLE, J. This action is upon a bond. The plaintiff, disregarding the joint demurrer filed by the defendants, entered judgment by default, on the ground that the affidavit which the statute (*Nix. Dig.* 737, § 155,) requires should be filed with a demurrer, was made by one of the defendants only. In cases of contract, if the affidavit to a joint plea or demurrer is made by one or more of several defendants, it is a substantial compliance with the statute, and cannot be treated as a nullity. The object of the statute is to prevent the making of defences for the purpose of delay. The means adopted to accomplish this object are to require an affidavit to every plea or demurrer, that the same is not intended for the purpose of delay, but to enable the defendant to make a defence which

---

* See *Holcombe* v. *Holcombe,* 2 *Stew.* 597.

he believes he has on the merits. The object is attained when, to an action on contract against several, a joint plea or demurrer is interposed by all, verified by one or more only. As held in the case of *Dock* v. *Elizabethtown Steam Manufacturing Company*, 5 *Vroom* 312, " the practice act being designed merely as the means of administering justice, should be literally construed in all its parts, except those which pertain to the mode of obtaining jurisdiction over the parties."

This result makes it unnecessary to consider whether the defendants, on the ground of surprise and merits, are not, upon the affidavits submitted, entitled at least to a rule to show cause why the judgment should not be set aside, or opened, and the defendants let in to make defence.

The judgment must be set aside as irregular, but without costs.

Justices DEPUE and VAN SYCKEL concurred.